NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3841
_____

UNITED STATES OF AMERICA

v.

WARREN STOKES,
a/k/a GEEZ

Warren Stokes,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 10-cr-00620-08)
District Judge:  Hon. Lawrence F. Stengel

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 24, 2015

Before:  CHAGARES, JORDAN, and BARRY, *Circuit Judges*.

(Filed: May 11, 2015)
_____

OPINION[*]
_____

_____

    [*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Warren Stokes appeals his conviction and sentence in the United States District Court for the Eastern District of Pennsylvania based on his participation in a large-scale drug-trafficking enterprise known as the "Harlem Boys" that operated in the Bartram Village Housing Development in Philadelphia. On appeal, he challenges only the District Court's denial of his motion to suppress a handgun seized during a warrantless search of co-Defendant Kareem Pittman's residence. We will affirm.

## I.     Background

The pertinent factual background surrounding the Harlem Boys drug-trafficking operation is set forth more fully in the opinion addressing the appeal of co-conspirator Ramel Moten. *See United States v. Moten*, No. 13-3801, Slip Op. at 2-5 (3d Cir. May 11, 2015). We provide here only the facts relevant to Stokes's appeal.

On October 7, 2009, police responded to a radio call of a "male with a gun" who entered an apartment building on Harley Terrace in the Bartram Village Housing Development. (App. at 3260.) While searching for the gunman, police detected the odor of marijuana emanating from Apartment 3A. The police knocked on the door and were eventually granted entry by a resident of the apartment. Stokes was sitting in the living room at the time the police entered the apartment. Tyreek Artis, who matched the description of the gunman, emerged from a back room and was immediately arrested. As Artis was being arrested, a police officer conducted a protective sweep and noticed a .38 caliber Colt revolver in a shoe box in plain view. After obtaining consent to search the apartment, the police also found marijuana and crack cocaine in a closet in the living

2

room.  Later, the government recorded a telephone conversation between co-defendant Ramel Moten and a confidential informant, in which Moten identified the revolver and the drugs as "ours."  *United States v. Moten*, No. CRIM.A. 10-620-01, 2012 WL 2873368, at *3 (E.D. Pa. July 13, 2012).

Stokes was later named along with nineteen other members of the Harlem Boys in an eighty-nine count superseding indictment.  More specifically, he was charged with conspiracy to participate in a racketeering enterprise (count 1), in violation of 18 U.S.C. § 1962(d); conspiracy to distribute 280 grams of cocaine base (crack) and marijuana (count 2), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(D) and 846; possession with the intent to distribute cocaine base (crack), and aiding and abetting (counts 41, 46, and 60), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); possession of a firearm in furtherance of a drug trafficking crime (count 42), in violation of 18 U.S.C. § 924(c)(1)(A)(I); attempted murder in aid of racketeering (count 53), in violation of 18 U.S.C. § 1959(a)(5); and carrying and using a firearm during a violent crime (count 54), in violation of 18 U.S.C. § 924(c).

Stokes unsuccessfully moved to suppress the evidence stemming from the October 7, 2009 search and the case proceeded to trial.  He was acquitted of attempted murder and an accompanying firearm charge (counts 53 and 54), but was convicted on all other charges and sentenced to 20 years' imprisonment, 5 years' supervised release and ordered to pay various fines and special assessments.  He now appeals the District Court's denial of his motion to suppress.

**II.    Discussion**[1]

Stokes challenges the District Court's refusal to suppress the handgun, arguing that the warrantless search of the apartment was unreasonable under the Fourth Amendment because there was no need for the search after Artis was arrested, as any exigency had dissipated.

As is explained more fully in the opinion issued in the related case of *United States v. Moten*, No. 13-3801, Slip Op. at 14-15, we conclude, as did the District Court, that the officers' search was a reasonable protective sweep in light of the gunman's arrest in the residence moments earlier. *See Maryland v. Buie*, 494 U.S. 325, 335-37 (1990) (holding that arresting officers may briefly search a residence after an arrest is effectuated where "the searching officer possesses a reasonable belief based on specific and articulable facts that the area to be swept harbors an individual posing a danger to those on the arrest scene"). Accordingly, the District Court did not err in refusing to suppress the evidence, and we need not address whether Stokes had standing to challenge the search. *United States v. Kennedy*, 638 F.3d 159, 163 (3d Cir. 2011) ("[S]tanding to challenge a search is not a threshold issue that must be decided before reaching the question of whether a search was or was not constitutional.").

---

[1] The District Court had jurisdiction under 28 U.S.C. § 3231 and we have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's denial of a motion to suppress for clear error as to the underlying factual findings and exercise plenary review of its application of the law to those facts. *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).

**III.    Conclusion**

For the forgoing reasons, we will affirm the ruling of the District Court.